• Thomas A. Aurelio, J.
In this article 78 proceeding by petitioner tenant to review respondent City Rent Administrator’s determination decontrolling the subject premises, an examination of the record does not reveal sufficient factual support for the determination reached and there are present herein several factors which cast grave doubt upon the propriety of respondent’s action.
Undisputedly, petitioner, although a tenant at the time, was not given notice of the proceeding brought by the landlord to decontrol his apartment. It is also undisputed that the name of the tenant, as furnished by the landlord, was that of a deceased prior occupant thereof. Although petitioner was informed of the proceedings long after their termination and eventually appeared before respondent’s representative, there nevertheless exists some doubt with respect to whether petitioner’s rights were prejudiced by not affording him an opportunity to initially oppose the landlord’s application and especially is this so in light of the fact that although the District Rent Office’s order was issued in April, 1966, it was made *290 effective as of November, 1963, long prior to the time petitioner was even aware that proceedings were pending.
Furthermore, the improvements to the subject premises were made by a prior landlord almost nine'years before the present landlord sought an increase on the basis of the very same improvements. The application by a subsequent landlord for a retroactive increase and decontrol of the premises some nine years after the basis for same arose represents a somewhat radical departure from established procedures.
While neither of the foregoing factors in and of themselves might under certain circumstances not necessarily be sufficient to warrant a disturbance of respondent’s determination, there is present still another factor; that of the method employed by respondent in establishing the rental value of the subject premises.
In establishing the new rent, respondent used the registered maximum rent as of January, 1954, $232.50, to which was added a 15% increase of $34.89. To this combined sum of $267.39, he then amortized the $16,000 alteration cost over a period of 84 months and added the resulting sum of $190 or a combined total of $457.48. However, under the existing regulations (State Rent and Eviction Regulations, § 33) the afore-mentioned 15% increase could only be applied under certain conditions which related only to residential leases. In the instant case the apartment was at the time in question leased for professional purposes and the lease contained none of the essential provisions required to be set forth therein in order to qualify for the 15% increase. It is readily apparent that respondent’s method of computation was unauthorized and respondent cites no authority to the contrary in his brief. It follows that no warrant exists to permit the determination to stand and same insofar as it contains an improper basis is accordingly annulled. The matter.is directed to be remanded to respondent for such further action as shall not be inconsistent with the foregoing.